# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RICHARD D. KILLINGSWORTH,<br>Appellant, | DOCKET NUMBER<br>SF-0752-22-0431-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>Agency. | DATE: September 9, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alan V. Edmunds, Esquire, and Brittany Forrester, Esquire, Ponte Vedra Beach, Florida, for the appellant.

David Fitzpatrick, Pearl Harbor, Hawaii, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant, a GS-12 Arms Ammunition and Explosive Manager, filed the instant appeal challenging his removal based on a single charge of failure to carry out duties expected of his position. Initial Appeal File (IAF), Tab 1 at 4, 27. The appellant alleged an affirmative defense of harmful procedural error for failing to properly consider the factors in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). *Id.* at 11-12.

After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 19, Initial Decision (ID) at 1, 15. She sustained the charge and found that the agency established nexus between the appellant's misconduct and the efficiency of the service because the appellant stipulated that the agency proved the charge and that the charge affects the efficiency of the service. ID at 4. She also found that the penalty of removal was within the bounds of reasonableness. ID at 12-15. The initial decision stated that it would become final on January 4, 2023, unless a petition for review was filed by that date. ID at 16.

On January 5, 2023, the appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. He did not allege any error in the initial decision, but rather stated that he wished to be reinstated in order to "buy back" his military time to add to his civilian service and retire. *Id.* at 4. The Acting Clerk of the Board subsequently notified the appellant that his petition for review appeared to be untimely and provided him with an opportunity to submit a motion requesting either to accept the filing as timely or waive the time limit for good cause. PFR File, Tab 3 at 2. The appellant responded alleging that he mistakenly filed a "new appeal" on January 5, 2023, instead of a timely petition for review. PFR File, Tab 5 at 5. He also alleged that his delay should be excused because he attempted to file his petition for review on time and it was rejected, he was confused by the Board's e-Appeal process, he was trying to retain an attorney, and he was away from home taking a course during the

filing period. PFR File, Tab 2 at 4, Tab 5 at 5-6. The agency has responded to the petition for review. PFR File, Tab 4. The appellant has submitted a reply to the agency's response. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The petition for review is untimely filed.

The initial decision indicated that the appellant's petition for review had to be filed by January 4, 2023. ID at 16. However, the appellant did not file his petition for review until January 5, 2023, one day after the deadline. PFR File, Tab 1. The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). The appellant is registered as an e-filer and, therefore, is deemed to have received the administrative judge's orders on the date of electronic submission. IAF, Tab 1 at 2, Tab 20; *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009); 5 C.F.R. § 1201.14(m)(2) (2022). Further, as an e-filer, the appellant was responsible for monitoring his case activity at e-Appeal to ensure that he received all case-related documents. 5 C.F.R. § 1201.14(j)(3) (2022).

We deem the appellant to have received the initial decision on November 30, 2022, the date it was electronically submitted. ID at 1; IAF, Tab 20. Therefore, his deadline for filing a petition for review was 35 days later, on January 4, 2023. The appellant's January 5, 2023 petition for review was filed 1 day untimely.[2]

_____

[2] The appellant's claim that he mistakenly filed an initial appeal form, when he intended to submit a petition for review, is immaterial because his submission was still 1 day untimely. PFR File, Tab 5 at 5.

<u>The appellant has failed to demonstrate good cause for his untimely filed petition for review.</u>

The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.114(f)-(g). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force,* 4 M.S.P.R. 180, 184 (1980). The Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army,* 68 M.S.P.R. 60, 62-63 (1995), *aff'd,* 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Applying the *Moorman* factors, we find the appellant has failed to establish good cause for his untimely petition for review. Although the brevity of the appellant's 1-day delay and the fact that he was not represented by an attorney at the time he filed his petition for review weighs in favor of excusing the delay, we find those considerations are outweighed by the appellant's failure to show that he exercised due diligence or to provide a reasonable excuse for his delay. *See Noble v. U.S. Postal Service,* 73 M.S.P.R. 59, 62-63 (1997) (finding a minimal 2-day delay in filing a petition for review and the fact that the appellant was not represented by an attorney were outweighed by appellant's failure to exercise due diligence and ordinary prudence under the circumstances).

The appellant's allegations that he was confused by the Board's e-Appeal process and that he was trying to retain an attorney to represent him are insufficient to establish good cause for his delay. PFR File, Tab 2 at 4, Tab 5 at 5-6. The Board has held that an appellant's lack of sophistication in Board matters and a general inability to understand instructions and procedures does not

establish good cause to waive the filing deadline. *Jones v. U.S. Postal Service*, 86 M.S.P.R. 410, ¶ 6 (2000) (finding an appellant's assertions that he did not have an attorney and was confused about the filing date did not establish good cause for a filing delay). Similarly, an appellant's inability to retain or afford an attorney does not establish good cause for a delay in filing his petition for review. *Huskins v. U.S. Postal Service*, 100 M.S.P.R. 664, ¶ 6 (2006).

Lastly, we find the appellant's remaining allegations that he was taking a course away from home, was "unable to find a location to fax, e-mail, or e-file [his petition for review]," and was "prevented . . . access during the day" to file his petition for review are also insufficient to establish good cause for his delay. PFR File, Tab 5 at 5-6. The Board has held that being away from home during the entire filing period does not constitute good cause to excuse a filing delay. *Smith v. Office of Personnel Management*, 57 M.S.P.R. 663, 666 (1993). This is especially true here because the appellant was a registered e-filer and therefore, received an electronic copy of the initial decision the day it was issued, rather than at his home address. Moreover, if the appellant felt that he did not have sufficient time or the ability to file a petition for review by the deadline because he was traveling, he could have requested an extension of time to file a petition on or before the date it was due, but he did not do so. *Tyler v. U.S. Postal Service*, 87 M.S.P.R. 460, ¶ 4 (2001) (an appellant must show good cause for not seeking an extension of time prior to the filing deadline); 5 C.F.R. § 1201.114(f) (stating that a motion for an extension of time must be filed with the Clerk of the Board on or before the date on which the petition is due).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's removal appeal.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.